■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED C. JOHNSON, Appellant.— Judgment of the County Court, Nassau County, rendered January 21, 1965, and order of said court, entered February 5, 1965, affirmed. No opinion. Brennan, Acting P. J., Hill and Benjamin, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to reverse the judgment and order under review, with the following memorandum: The defendant was indicted on two counts of assault in the second degree, on the basis of his wife's charge that he had cut her with a knife and inflicted injury which required hospitalization, transfusions and sutures. In September, 1964 defendant moved in the County Court, Nassau County, to dismiss the indictment and to transfer the proceedings to the Family Court. That motion was denied in a decision dated December 31, 1964. Defendant then pleaded guilty to assault in the third degree in satisfaction of the indictment. On January 21, 1965, sentence was suspended, apparently because defendant and his wife had reconciled their differences and were living together. The subsequent February 5, 1965 order effectuated the denial of the September, 1964 motion. The validity of the order of February 5, 1965, constitutes the only issue before us. Insofar as relevant, section 812 of the Family Court Act provides that "The family court has exclusive original jurisdiction " * * over any proceeding concerning acts which would constitute * * * an assault between spouses". It will be noted that this statute is not, by its text, directed to any particular grade of assault and, as written, encompasses all degrees of assault. In our opinion, the order of February 5, 1965, was erroneous by reason of the fact that jurisdiction in "an assault between spouses" is now exclusively lodged in the Family Court (Family Ct. Act, § 812). The denial by the County Court of a motion to transfer the case to the Family Court becomes a proper subject of review on appeal upon the rendition of a judgment of conviction (*Matter of Ricapito* v. *People,* 20 A D 2d 567). While it might be said that, as charged in the indictment, defendant allegedly committed a serious crime, nevertheless the intention of the draftsmen of section 812 was to include in the authority of the Family Court jurisdiction over *all* family assaults rather than merely assaults in the misdemeanor category (Eighth Annual Report of the Judicial Conference of State of New York, 1963, p. 72; *People* v. *De Jesus,* 21 A D 2d 236, 239–240). The vesting of such jurisdiction in the Family Court does not diminish the authority of the Grand Jury or invade any of the constitutional balances to be observed in other prosecutions of crime of felonious grade (*People* v. *De Jesus, supra,* pp. 240–241). The argument that the Family Court is not equipped to handle what is essentially a criminal proceeding is wholly insensitive to the proposition that the Family Court is now a State-wide tribunal of important sociological standing, established, *inter alia,* for the conciliation of disruption of family unity (N. Y. Const., art. VI, § 13; Family Ct. Act, § 811). The wisdom of section 812 in endowing the Family Court

with jurisdiction over all family assault cases seems illustrated in the present case. The County Court accepted defendant's plea of guilty to the reduced charge of assault in the third degree, a misdemeanor (Penal Law, § 245), in an atmosphere of the restoration of family peace. In effect, the County Court usurped the role carved out for the Family Court in the composure of family antagonisms and assumed control of a family assault case in which it should play no part "until and unless a Family Court Judge * * * [shall have] decided that the processes and remedies of his court are inappropriate, [and] has transferred the proceeding to the appropriate court for criminal proceedings" (*People* v. *De Jesus, supra,* p. 240).